Jeffrey D. Eisenberg (#4029)
Eric S. Olson (#11939)
Christopher P. Higley (#15161)
**EISENBERG GILCHRIST & CUTT**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 366-9100
Facsimile: (801) 350-0065
jeisenberg@egclegal.com
eolson@egclegal.com
jkendell@egclegal.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COLBY THOMPSON, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>POLARIS INDUSTRIES, INC., a Minnesota corporation,<br>  Defendants. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Case No:2:17 cv 00863JNP<br><br>Judge: Parrish |

**COMPLAINT FOR DECLARATORY RELIEF**

1.      Pursuant to Federal Rules of Civil Procedure 57, and 28 U.S.C. §2201, Plaintiff, Colby Thompson ("Thompson"), by and through counsel brings this Complaint for Declaratory Relief against Defendant, Polaris Industries, Inc. ("Defendant"), and alleges as follows:

## THE PARTIES

1. Thompson is, and at all times material hereto was, a resident of Belgrade, Montana.

2. Defendant Polaris Industries, Inc. (hereinafter "Polaris"), is a Minnesota corporation with its principle place of business at 2100 Highway 55, Medina, Minnesota 55340.

## JURISDICTION AND VENUE

3. This court has diversity jurisdiction over the subject matter of these claims pursuant to 28 U.S.C. § 1332.

4. This court is the proper venue for this case as Plaintiff is currently in a medically induced coma, receiving treatment at the University of Utah for injuries sustained in the incident that forms the basis for this lawsuit. Plaintiff is physically residing at the University of Utah.

5. An actual case or controversy has arisen between the parties. Thompson has been seriously injured and has retained counsel to pursue an action against Defendant, and Defendant has sought to inspect the scene of the incident (as further described below), which threatens irreparable harm to Plaintiff and his ability to prosecute his claims against Defendant.

6. If the sought after Declaratory Relief is not granted irreparable injury will harm Plaintiff's ability to prosecute his case and Plaintiff will be harmed in excess of $75,000.

## FACTUAL BACKGROUND

7. On July 23, 2017, Plaintiff was driving a 2017 Polaris RZR with approximately 20 total miles on the machine near Bozeman, Montana. As Plaintiff ascended a hill, Plaintiff reached an embankment. Upon reaching the embankment, and coming to a stop, the RZR burst into flames.

8. Plaintiff suffered 3rd degree burns to both of his arms and 2nd degree burns to his face, head, and neck. Plaintiff is currently in a medically induced coma.

9. Thompson suffered potentially catastrophic burns and, subsequently, was placed in a medically induced coma at the University of Utah Hospital burn center.

10. The Polaris RZR is a well-known fire hazard. Over the past several years, Polaris has issued numerous recalls for hundreds of thousands of RZRs for various fire hazard defects. For example, on April 19, 2016, Polaris recalled "about 133,000" 2013-2016 RZR 900 and 1000 UTVs. According to the recall announcement, Polaris had by then received reports of over 160 vehicle fires and 19 burn injuries. Since April 2016, more recalls have been issued for these and other similar UTVs. In the last year, many more fires and injuries have occurred.

11. Through independent investigation, Plaintiffs' counsel has received reports of problems with Polaris RZR fires going back many years. Polaris is no stranger to having issues with fire-causing defects in the off-road vehicles. In 2005, the CPSC fined Polaris for concealing information about fire hazards with its off-road vehicles. *Polaris to Pay $950,000 Penalty for Failing to Report Hazards with ATVs*, Jan. 13, 2005, CPSC.gov *available at* https://www.cpsc.gov/newsroom/news-releases/2005/polaris-to-pay-950000-penalty-for-failing-to-report-hazards-with-atvs-/ (last accessed Dec. 12, 2016).

12. Counsel for Plaintiff has represented numerous victims of Polaris UTV fires, including the families and loved ones of several victims that ultimately passed away from the burns suffered in the fires.

13. Undersigned counsel was retained by the family of Thompson to act on behalf of the victim late on the night of July 26. 2017.

14. Late in the afternoon on July 27, 2017, Defendants advised Plaintiff that it was bringing "investigators" to the scene of the incident in a remote location in Montana.

15. Defendants refused Plaintiff's request to delay Defendants' plans for a short time so that Plaintiff could also bring qualified investigators to the scene.

## **PRAYER FOR DECLARATORY RELIEF**

16. Plaintiff incorporates paragraphs 1 – 16 as though fully set forth herein.

17. Plaintiff seeks Declaratory Relief to enjoin Defendant and/or its agents from conducting expert witness examination of the remains of the burned and destroyed Polaris RZR utility terrain vehicle at the scene of the incident until Plaintiff can make reasonable arrangements to bring Plaintiff experts to the scene for a joint examination.

18. Unless the Declaratory Relief is granted, critical evidence at the scene could be altered, removed, or destroyed by Polaris's investigators. Such actions could permanently impair Plaintiff's ability to prosecute his case.

19. Based upon the foregoing, Plaintiff requests this Court enter judgment as follows:

   A. Declare that Polaris's actions in seeking to visit the scene and/or disturb evidence of the incident will cause irreparable harm in excess of $75,000 and harm Plaintiff's ability to prosecute his case;

   B. Enjoin the Parties and/or their agents from: (1) visiting the scene of the incident, or alternatively (2) touching, removing or otherwise disturbing anything at the scene and limit the Parties to a visual examination and photography until both Parties have a reasonable opportunity to have qualified representatives present for a prior inspection; and

   C. Award Thompson such other relief that the Court deems just and proper under the circumstances.

Respectfully submitted.

DATED this 27th day of July, 2017.

                                         **EISENBERG GILCHRIST & CUTT**

                                         /s/ Jeffrey D. Eisenberg
                                         /s/ Christopher P. Higley
                                         Jeffrey D. Eisenberg
                                         Eric S. Olson
                                         Christopher P. Higley
                                         *Attorneys for Plaintiff*